CURRIER & a. v. GRAFTON AND ENFIELD.

Petitioners for a new highway through several towns, are liable, if they fail, to each town, severally, for costs.

Travel, attendance and attorneys' fee are to be taxed in favor of each town. Other charges are to be taxed once only, in favor of the town by which they are incurred.

PETITION for a new highway, in Grafton and Enfield. It was referred to the road commissioners, who, at a subsequent term, reported adversely to the prayer of the petitioners, and their report was accepted. The said towns of Grafton and Enfield, severally, prayed judgment for their costs against the petitioners, which motion was resisted by the petitioners, and upon this question the case was transferred to this court.

*Westgate,* for Grafton.

*Felton,* for Enfield.

*Kittredge,* for the petitioners.

BELL, J. It is contended here that the general rule as to costs, prescribed by the Revised Statutes, ch. 191, § 1, does not apply in this case. By that section, it is provided that " costs shall follow the event of every action or petition, unless otherwise directed by law or by the court." It is said a different rule is prescribed in cases like the present, and this provision, therefore, has no application. By section 9 of chapter 52, it is provided that the costs of laying out and of widening and straightening highways from town to town, or through land not in any town, shall be paid by the county." The towns, in these cases, are not charged with costs, if the road is laid out. The rule that costs follow the event is superseded by a different rule, applying in one contingency, and that rule, therefore, ought not to be ap-

plied in the other. But the court are of the opinion that
the rule prescribed by chapter 52 does not apply, except
where the road is laid out, and that the general rule applies
in cases where the application is refused, which is the pres-
ent case, and, therefore, that the towns are entitled to costs
against the petitioners. It is just that the towns should
recover the costs to which they have been subjected by an
application which has been decided by the proper tribunal
to be groundless. It is not suggested that the county is
chargeable in that case, nor do we perceive any thing in the
statutes which would give countenance to that idea. It
would leave the county chest quite too widely open, if the
county were bound to pay the costs of every such petition,
whether well or ill founded, and whatever the result might
be.

The petitioners, then, being responsible for the costs of
the towns, the question remains whether they are entitled to
one bill of costs alone or to several bills ; and the court are
of opinion that they are each entitled to their several costs.
The two towns are, in no proper sense, joint defendants.
The interests of the towns involved in the proceeding are,
in their nature, entirely distinct, and their defences are usu-
ally dissimilar. The rule adopted by the court, in cases of
several defences and pleadings, in actions of trespass against
several defendants, as laid down in *Crosby* v. *Lovejoy,* 6
N. H. Rep. 458 seems reasonable and proper in this case.
Each town is entitled to travel, attendance and attorney's
fees, but the other charges must be single, and distributed
among them according to the advances made by each, or
the whole, by consent of the parties, may be put into one
of the bills of costs. Judgment is to be awarded against
the petitioners, in favor of each of the towns, for their
respective costs.